UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER HODOROVYCH, individually and on behalf of all others similarly situated, ) ) ) | |
| ) | Case No. 22-cv-03415 |
| Plaintiff, ) ) | Judge Sharon Johnson Coleman |
| v. ) ) | |
| DOLLAR GENERAL CORPORATION, ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Alexander Hodorovych, filed a putative class action complaint against defendant, Dollar General Corporation ("Dollar General"), alleging that Dollar General falsely labeled its lidocaine patch products. Hodorovych alleges Dollar General violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, other state consumer fraud acts (on behalf of the consumer class), and the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.*, as well as breached express and implied warranties made to plaintiff and the class, provided negligent misrepresentations to plaintiff and the class, committed fraud, and unjustly enriched itself at the expense of plaintiff and the class. Before the Court is Dollar General's motion to dismiss [23]. For the following reasons, the Court grants Dollar General's motion in its entirety.

**BACKGROUND**

The following facts are taken as true for the purposes of this motion. Hodorovych is a resident of Illinois and Dollar General is a Tennessee corporation with principal place of business in Tennessee. Dollar general operates 18,000 retail stores nationwide. In addition to selling products made by national consumer brands, Dollar General sells products from its own private label brands. One of these brands is DG Health. DG Health manufactures lidocaine pain relief patches (the

1

"Product"). Plaintiff purchased the Product at Dollar General stores located in Chicago between March and April 2022.

The Product is marketed on its front label as a "Maximum Strength Lidocaine Pain Relief Gel-Patch." It is described as a "Lidocaine 4% Topical Anesthetic." The Product's Packaging further notes that it is "Fast-acting," provides "Numbing Relief" and is a "Stay-put flexible patch." The label proclaims that the Product "Lasts up to 12 hours," and the directions on the rear label further state to "Use one patch for up to 12 hours."



**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*,

2

551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**DISCUSSION**

Plaintiff brings four categories of claims: an ICFA claim; claims under other state consumer protection statutes on behalf of a purported multi-state class; warranty claims; and other common law claims. Defendant moves to dismiss all claims; the Court will assess each in turn. Lastly, the Court will also address defendant's argument regarding plaintiff's claim for injunctive relief.

    I.    <u>ICFA Claim</u>

"To succeed in a private cause of action under the Consumer Fraud Act, a plaintiff must prove (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 296 Ill.Dec. 448, 835 N.E.2d 801, 856 (2005). Like other fraud claims, ICFA claims must pass the "heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014).

Plaintiff must plead each element of an ICFA claim with the particularity required to survive a motion to dismiss. Plaintiff fails to plead allegations touching on the second and fourth prongs, and his allegations of deception fail as a matter of law. As to the first prong, Hodorovych does not plead any facts that would even allow the Court to make an inference regarding intent. Moreover, as to the fourth prong, plaintiff does not allege any actual damage. Though the Court wonders

whether plaintiff has even plead an injury sufficient to warrant Article III standing, plaintiff certainly has not met the higher bar of the injury component of an ICFA claim. S*pector v. Mondelez Int'l, Inc.*, 178 F. Supp. 3d 657, 673 (N.D. Ill. 2016) (Durkin, J.). A plaintiff has not shown actual damage under the ICFA if he "believed the [product] [was] effective and never complained to anyone that [it] did not work." *Gredell v. Wyeth Lab'ys, Inc.*, 367 Ill. App. 3d 287, 854 N.E.2d 752, 757 (1st Dist. 2006). "In cases where the plaintiff's claim of financial injury under the ICFA has been upheld as the basis for damages, the complaint also alleged that the plaintiff experienced the product not working." *Spector*, 178 F. Supp at 673.

Here, plaintiff alleges that in general, the Product does not work as promised, and that he would not have purchased the Product, or would have paid less for it, but for its allegedly deceptively marketing techniques. But because plaintiff does not allege that his own experience with the Product in some way fell short of his own expectations, he cannot meet the actual damages prong of the ICFA.

Although plaintiff's ICFA claim fails due to vague pleading of the second and fourth prongs, at least, the Court will still assess the heart of the deceptive advertising claim. Plaintiff identifies three allegedly deceptive statements on the Product's label: (1) the promise that the Product will last "Up to 12 Hours"; (2) the "Maximum Strength" claim; and (3) the "Numbing Relief" Claim. The Court finds, as a matter of law, that none of these statements are deceptive within the meaning of the ICFA.

To state a claim for deceptive labeling, a plaintiff must show that the label is likely to deceive a reasonable consumer which "requires a probability that a significant proportion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled. *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 474–75 (7th Cir. 2020) (quoting *Beardsall v. CVS Pharmacy*, Inc., 953 F.3d 969, 972−73 (7th Cir. 2020)).

4

First, plaintiff argues that the "Lasts up to 12 Hours" statement is misleading because as a result of the label, consumers expect the Product will "remain[] applied for no less than twelve hours or even longer" when, in fact, it "regularly peels off the bodies of users within a few hours, and often minutes, after being applied." (Dkt. 1 ¶¶ 16–17). Plaintiffs cite a study that evaluated generic lidocaine patches and found that none of them "fully adhered to the subject's skin after 12 hours." (Dkt. 1 ¶ 10). Plaintiff concedes that defendant's Product was not included in this study, and does not allege that the patches he purchased lasted less than 12 hours. However, even if the Product faces the same deficiency as those in the study cited by plaintiff, a reasonable consumer would not be deceived.

Simply put, a reasonable consumer would not assume that "Lasts up to 12 Hours" means that the Product would remain in place "for no less than twelve hours." Courts in this district and elsewhere have routinely found that "up to" statements establish "a ceiling, not a floor." *Brodsky v. Aldi Inc.*, No. 20 C 7632, 2021 WL 4439304 at *5 (N.D. Ill. Sept. 28, 2021) (Gettleman, J.); *Maloney v. Verizon Internet* Servs., Inc., 413 F.App'x 997, 999-1000 (9th Cir. 2011). The language here is not a promise that the patch will last 12 hours, but "just that it can under certain circumstances." *Brodsky*, 2021 WL 4439304 at *5. Indeed, plaintiff's complaint that the Product "is prone to greater detachment when engaging in regular activities such as walking, stretching, and sleeping" is exactly in line with a reasonable consumer's expectation: that the patch may last up to twelve hours, but that other factors may reduce the period of its effectiveness. (Dkt. 1 ¶ 20). Plaintiff's expectation here is plainly not reasonable, nor does plaintiff set forth facts sufficient to establish that the Product fails to comport to an actually reasonable expectation. The "Up to 12 hours" language is thus not deceptive.

Second, plaintiff alleges that the phrase "maximum strength" is deceptive because it communicates to consumers that "it contains and deliver the maximum amount of lidocaine

available in patch form and is superior, or at least equivalent, in efficacy to other over the counter ("OTC") and prescription-strength lidocaine patches." (Dkt. 1 ¶ 20). The argument that a consumer would expect an OTC product to be equivalent to the most powerful prescription medicine is a nonstarter. Much like a reasonable consumer would not expect "maximum strength" Tylenol to perform similarly to a prescription-strength painkiller containing codeine or morphine, consumers certainly would not expect OTC lidocaine patches to perform at the same level as a prescribed drug. Two cases cited by plaintiff are distinguishable because the defendants there advertised their OTC products as being as strong or stronger than prescription-grade products; Dollar General, meanwhile, has not made such promises. *Cf. Hrapoff v. Hisamitsu Am., Inc.*, No. 21-CV-01943-JST, 2022 WL 2168076 at *1 (N.D. Cal. June 16, 2022); *Scilex Pharms. Inc. v. Sanofi-Aventis U.S. LLC*, 552 F. Supp. 3d 901, 921–22 (N.D. Cal. 2021).

Plaintiff additionally argues that "maximum strength" is deceptive because "a newly developed 1.8% lidocaine patch technology" is "bioequivalent to [prescription-strength] 5% lidocaine." (Dkt. 1 ¶ 12). While plaintiff fails to state whether this new technology is even available over the counter, this argument still fails because plaintiff fails to explain how a reasonable consumer would take 'bioequivalence' into account when assessing the "maximum strength" claim. Ultimately, "[t]he phrase 'Maximum Strength' on the label plainly refers to the strength of the medication, not efficacy or results." *Stevens v. Walgreen Co.,* No. 21-CV-10603, 2022 WL 3681279, at *5 (S.D.N.Y. Aug. 24, 2022). Here, 4% appears to be the maximum lidocaine concentration allowed by law in OTC products. Importantly, plaintiff fails to identify an OTC lidocaine patch available on the market that is indeed stronger than Dollar General's Product. Because 4% is indeed the maximum allowable lidocaine concentration in an OTC patch, the "maximum strength" label is not deceptive.

6

Third, Hodorovych argues that the phrase "numbing relief" is deceptive because it "falsely implies it completely numbs pain receptors…" (Dkt. 1 ¶27). Again, plaintiff conjures language that simply does not appear on the Product's label. This is not a reasonable reading of this phrase, and is undercut by other contents of the Product's label, including the disclaimer that its use is to "Temporarily relieve[] minor pain." (Dkt. 1 ¶ 29). Thus, nothing on the Product's label is deceptive within the meaning of the ICFA, and Hodorovych's ICFA claim is dismissed without prejudice.

II.     Other State Consumer Fraud Acts

Plaintiff, on behalf of a multi-state class, also alleges violations of other, unnamed states' comparable consumer protection statutes. Because the Court is dismissing plaintiff's ICFA claim, and because plaintiff identifies neither which laws he is claiming defendant violated nor how those laws might have different standards from the ICFA, these claims are dismissed as well. The Court need not address defendant's argument that plaintiff lacks standing to pursue the multi-state claims until such a point as plaintiff has stated at least one viable claim.

III.    Warranty Claims

In his warranty count, Hodorovych alleges breaches of express warranty, the implied warranty of merchantability, the implied warranty of fitness for a particular purpose, and the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* Under Illinois law, which applies here, a plaintiff must provide pre-suit notice before bringing a warranty claim. *See* 810 ILCS 5/2–607(3)(a); *see also Anthony v. Country Life Mfg.*, LLC., 70 F. App'x 379, 384 (7th Cir. 2003) (observing that the Supreme Court of Illinois interprets 810 ILCS 5/2–607(3)(a) to "require[ ] a plaintiff to notify the defendant of the claimed deficiency in its product prior to filing suit."). Hodorovych does not allege that he provided pre-suit notice to Dollar General. Rather, he purports to provide notice through the filing of his complaint. (Dkt. 1 ¶¶ 98–99). This is inadequate; filing of a complaint is generally

7

not sufficient to provide notice of breach under Illinois law. *Anthony v. Country Life Mfg.*, LLC., 70 F. App'x 379, 384 (7th Cir. 2003).[1]

IV. Other Common Law Claims

Lastly, Plaintiff raises Negligent Misrepresentation, Fraud, and Unjust Enrichment claims. To state a negligent misrepresentation claim, a plaintiff must plead its elements, which are: "(1) a false statement of a material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance when the party making the statement is under a duty to communicate accurate information." *Capiccioni v. Brennan Naperville, Inc.*, 339 Ill. App. 3d 927, 938, 791 N.E.2d 553, 562 (2d. Dist. 2003). Plaintiff has not made any attempt to plead the second, third, fourth, or fifth prongs of this a negligent misrepresentation claim.

The Court need not address the parties' arguments regarding the economic loss doctrine because plaintiff has not made any attempt to plead the required elements of a negligent misrepresentation claim.

Plaintiff similarly does not plead the essential elements of a common law fraud claim. The required elements are: "(1) a false statement of a material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the

---

[1] Plaintiff's claims also do not fall within either exception to the pre-suit notice requirement, nor does he argue that they do. Under Illinois law, plaintiff need not provide pre-suit notice when "the seller has actual knowledge of the defect" or when "the seller is deemed to have been reasonably notified by the filing of the buyers complaint alleging breach." *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 489, 492 675 N.E.2d 584 (1996). The latter exception applies only when a consumer has experienced personal injury. *Id.* at 495. Because plaintiff does not allege that Dollar General had actual knowledge of any defect or that he was personally injured by the Product, neither exception applies.

8

statement." *Id.* at 933. Plaintiff fails to allege these elements, let alone with the specificity required under Rule 9(b). Accordingly, the common law fraud claim is dismissed without prejudice.

Lastly, plaintiff concedes that its unjust enrichment claim is pled "in the alternative" and is duplicative of the ICFA claim. (Dkt. 27, at 10). Thus, because plaintiff fails to plausibly allege the required elements of any of his common law claims, each of them fails and is dismissed without prejudice.

V. Injunctive Relief

Lastly, defendant argues that plaintiff lacks Article III standing to seek injunctive relief. To establish an injury-in-fact for injunctive relief, "a plaintiff must show that the defendant's conduct will likely cause it to suffer damages in the future." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014). Plaintiff does not plead that he plans to purchase the Product again, and to the extent he found the Product to be deficient (though again, he does not so allege in his complaint), the Court finds that he is unlikely to do so. Past injury, without a threat of future harm, is insufficient to confer Article III standing for the purpose of attaining injunctive relief. Plaintiff's requests for injunctive relief are thus dismissed.

**Conclusion**

For the foregoing reasons, the Court grants Dollar General's motion to dismiss. Hodorovych's complaint is dismissed without prejudice. Plaintiff must request leave to file an amended complaint addressing any deficiencies within 30 days or the matter will convert to a dismissal with prejudice.

IT IS SO ORDERED.

Date: 5/23/2023

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

9